## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**MINIKA NICHOLS,**
*Plaintiff*

*v.*

**CREDENCE RESOURCE
MANAGEMENT, LLC,**
*Defendant*

Civil Action Case No.:
<u>17A63108</u>

**<u>JURY TRIAL DEMANDED</u>**

## <u>NOTICE OF LAWSUIT AND REQUEST<br>FOR WAIVER OF SERVICE OF SUMMONS</u>

**TO:** Credence Resource Management
c/o Corporation Service Company
40 Technology Parkway South, Suite 300
Norcross, GA 30092-2924
via U.S Mail, Certified, Return Receipt Requested
(Item No 9171 9690 0935 0154 2795 57)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the State Court of DeKalb County, State of Georgia, and has been assigned Case Number 17A63108.

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.

You may avoid paying the cost of service by returning a signed copy of the enclosed waiver (entitled "Waiver of Service of Summons") within 30 days (or 60 days if located outside any judicial district of the United States) after February 16, 2017, the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons was sent. I have enclosed a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the Waiver of Service is also attached for your records.

YOU ARE ENTITLED TO CONSULT WITH
YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within 60 days from the date designated below as the date on which this notice is sent (or within 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you (or the party on whose

behalf you are addressed) to pay the full cost of such service. In that connection, please read the statement below concerning the duty of parties to avoid unnecessary costs of service of summons.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on this day, February 16, 2017.

_____

Adam Klein
Attorney for Plaintiff
Georgia Bar No. 425032

Berry and Associates
2751 Buford Hwy, Suite 600
Atlanta, Georgia 30324

OFFICE  (770) 766-1230
FAX      (678) 383-2598

aklein@mattberry.com

---

**NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MINIKA NICHOLS,** | | |
| *Plaintiff* | | |
| | | Civil Action Case No.: |
| *v.* | | <u>17A63108</u> |
| **CREDENCE RESOURCE MANAGEMENT, LLC,** | | **<u>JURY TRIAL DEMANDED</u>** |
| *Defendant* | | |

## <u>WAIVER OF SERVICE OF SUMMONS</u>

**TO:**   Minika Nichols, by and through Plaintiff's attorney, Adam Klein
Berry and Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324

I acknowledge receipt of your request that I waive service of a summons in the above-styled action. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This _____ day of _____, 20_____.


_____
Defendant

# General Civil Case Filing Information Form (Non-Domestic)

2/1/2017

**Court**
☐ Superior
☑ State

**County** DeKalb

**Docket #** 17A63108

**Date Filed** 01/31/2017
MM-DD-YYYY

## Plaintiff(s)

Nichols, Minika

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |

## Defendant(s)

Credence Resource Management, LLC

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |

**No. of Plaintiffs** 1

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

Klein, Adam

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 425032

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Presonal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify TCPA / GFBPA

---

### If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

**Are Punitive Damages Pleaded?**  ☐ Yes  ☐ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| Minika Nichols,<br>   Plaintiff, | ) ) ) | Civil Action Case No.:<br>   17A63108 |
| v. | ) ) | _____ |
| Credence Resource Management, LLC,<br>   Defendant. | ) ) ) | **JURY TRIAL DEMANDED** |
| _____ | ) | |

### COMPLAINT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

### PARTIES

1.     Plaintiff, Minika Nichols, is a natural person who resides in DeKalb County, Georgia.

2.     Defendant, Credence Resource Management, LLC, is a limited liability corporation formed under the laws of the State of Nevada, headquartered in the State of Texas, and registered to do business in the State of Georgia. Defendant may be served with process via its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092-2924.

3.     At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

1

## JURISDICTION AND VENUE

4.     This Court has personal jurisdiction over Defendant because Defendant maintains a registered office in Georgia, and frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.  O.C.G.A. § 9-10-91(1).

5.     Venue is proper in this Court pursuant to O.C.G.A. §§ 14-2-510(4) because the cause of action originated in DeKalb County.

## FACTUAL ALLEGATIONS

6.     Plaintiff is the subscriber for the cellular telephone with the number 678-***-4942 (the "Cell Phone").

7.     In or about July, 2015, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to collect an alleged debt from a third party unknown to Plaintiff.

8.     Defendant's calls to Plaintiff were made from phone number 855-875-4065.

9.     The phone number set forth in Enumeration 9 above is utilized by or under the control of Defendant.

10.     Since July, 2015, Plaintiff has received at least thirty (30) similar calls from Defendant.

11.     On numerous occasions Plaintiff advised Defendant that it was calling a wrong number in its attempts to collect a debt.

12.     Defendant knew or should have known that it was calling the wrong party in the calls identified above.

2

13.     When Plaintiff answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

14.     Upon information and belief, Defendant used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

15.     Plaintiff never provided consent for Defendant to call her on her Cell Phone.

16.     To the extent Plaintiff provided consent for Defendant to call her on her Cell Phone, Plaintiff explicitly revoked that consent no later than July 2, 2015.

17.     Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

18.     Defendant's calls to Plaintiff had no emergency purpose.

19.     Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

20.     Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

21.     Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

22.     Plaintiff carries her Cell Phone on her person at most times to be accessible to her family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, and her interactions with family and friends, and coworkers.

3

## DAMAGES

23.    Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, (a) the consumption of "minutes" as contemplated in Plaintiff's cellular service resulting in Plaintiff paying for the calls initiated by Defendant, (b) depletion of Plaintiff's Cell Phone's battery life resulting in diminished preferred usage by Plaintiff, diminishing Plaintiff's ability to use it for its intended purpose, (c) emotional distress—including frustration and aggravation—in managing, caused by the persistent calls, and (d) expenses associated with seeking to enforce Defendant's compliance with the law.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq.*

24.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

25.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

26.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27.    Defendant knew that it did not have Plaintiff's consent to receive its calls at all.  Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

4

28.     Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393(a)

29.     Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

30.     O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

31.     It was an unfair business practice for Defendant to call Plaintiff's Cell Phone repeatedly, without consent when it knew or should have known that the number was not that of the third-party it was seeking.

32.     It was an unfair business practice for Defendant to repeatedly call Plaintiff's Cell Phone in an attempt to collect a debt allegedly owed by a third party.

33.     It was an unfair business practice for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

34.     Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

35.     As pled above, Plaintiff was harmed by Defendant's unfair conduct.

36.     Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

5

37.   Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for debt collection and are done on a wide scale.

38.   Defendant's conduct amounts to an unfair business practice.

39.   Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

40.   Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

41.   As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

42.   Defendant's actions were intentional, rendering it liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

43.   Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

44.   Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## **TRIAL BY JURY**

45.   Plaintiff is entitled to and hereby requests a trial by jury.

6

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) Actual damages;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 31st day of January, 2017.

BERRY & ASSOCIATES

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Adam J. Klein
Georgia Bar No.: 425032
*aklein@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*

7

STATE COURT OF
DEKALB COUNTY, GA.
1/31/2017 12:38:58 PM
E-FILED
BY: Assunta Wells

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

MINIKA NICHOLS,
*Plaintiff*

v.

CREDENCE RESOURCE
MANAGEMENT, LLC,
*Defendant*

Civil Action Case No.:
17A63108

### PLAINTIFF'S FIRST CONTINUING CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT CREDENCE RESOURCE MANAGEMENT, LLC

### *Definitions*

1. As used herein, "You" or "Your" shall refer to the particular Defendant responding to these First Continuing Discovery Requests.

2. As used herein, "Plaintiff" shall refer to the plaintiff named in the above-styled caption of this case.

3. As used herein, the "Complaint" shall refer to the Complaint filed in this action by Plaintiff.

4. As used herein, the "Answer" shall refer to the Answer filed by You in response to Plaintiff's Complaint in this action.

5. As used herein, "Document" shall mean the full scope of documents, data compilations, and tangible things discoverable under the Georgia Civil Practice Act and is used in its broadest sense to include, without limitation, the following: Books, statements of account, letters, notes, memoranda, memoranda of understanding, printed forms, reports, communications (interoffice, intra-office, or otherwise), papers, letters, e-mails, cablegrams, mailgrams, telegrams, radiograms, films, maps, statistical compilations, summaries, minutes, resolutions, records, computerized documents, data, records and files, sound recordings and transcriptions (including of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and

things similar to the foregoing), manuals, publications, diaries, telexes, engineering reports and notebooks, plats, plans, sketches, summaries of investigations, brochures, surveys, opinions and reports (of expert witnesses, appraisers, or consultants), projections, advertisements, circulars, trade letters, press releases, financial statements, opinions of counsel, corporate records, minutes of board of directors, officer or committee meetings, desk calendars, appointment books, diary entries and notes, correspondence, pamphlets, bills, charts, drawings, catalogs and catalog sheets, agreements, photographs, checks, invoices, ledger sheets, graphs, vouchers, studies, statements, data, and all other writings of any kind, however produced or reproduced, including all non-identical copies of such writings, whether printed, typed, recorded, filmed, stored in a computer media, written, produced by hand or by any other process, and whether an original, master, duplicate or copy, in whatever form and however and by whomever made. The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

6. As used herein, "identify" shall mean, with respect to a person, to state the person's:

    a.  full name

    b.  current business address and any known past business addresses

    c.  current residential address and any known past residential addresses

    d.  current business telephone number and any known past business telephone numbers

    e.  current residential telephone number and any known past residential telephone numbers

    f.  current mobile telephone number and any known past mobile telephone numbers, and

    g.  current email address and any known past email addresses

7. As used herein, "person" shall mean, without limitation, any natural person, business, partnership, corporation, governmental entity, or any other entity, and any employee, agent, attorney, or representative of any of the foregoing.

8.   As used herein, "relate" (or derivations thereof such as "related" or "relating") shall mean refer, concern, reflect, embody, memorialize, evidence, or otherwise be in any way relevant to.

9.   As used herein, "TCPA" shall refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

10.  As used herein, the term "Automatic Telephone Dialing System," "Auto Dialer, or "ATDS" means equipment which has the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. ATDS is defined by 47 U.S.C. § 227(a)(1).

11.  As used herein, the term "Predictive Dialer" means: (a) Equipment that dials numbers and, when certain computer software is attached, assists callers in predicting when an agent will be available to take calls, or (b) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

12.  As used herein, "Credence" or "Defendant" shall refer to Defendant Credence Resource Management, LLC.

13.  As used herein, "Plaintiff's Cell Number" shall refer to (678) 830-4942.

### *General Instructions*

1.   All requests below are to be construed reasonably, in good faith, and according to the plain language of each request. All questions about the requests should be resolved in favor of a complete response and/or the production of all responsive documents.

2.   For purposes of these requests, the singular of each word shall include the plural and vice-versa. The present tense shall be construed to include the past tense and vice-versa. The terms "and," "or," and "and/or" are used herein in the conjunctive sense and are in no way a limitation of the information requested.

3

3. If You contend that a request is vague or ambiguous, or that certain terms or words are not defined clearly, it is Your duty to respond to the Request in accordance with Your understanding of it.

4. For those portions of any request to which You object or otherwise refuse to answer, state the reasons for such objection or refusal.

5. If You object to producing any requested document based on a claim of privilege, please provide a privilege index identifying the following: the nature of the document withheld; the author(s) of the document; all recipients of the document; the date of the document's creation; and the basis for Your claim of privilege.

6. If no documents responsive to a request exist, please so state. If documents responsive to a request exist but are not in Your possession, custody or control, please list the complete name, business address, and business telephone number of the individual or entity in whose possession or control such documents may be found.

7. The time period for the discovery requests is three years prior to the filing of this lawsuit through and including the date of Your final response to these requests.

### *Duty to Supplement*

Pursuant to O.C.G.A. § 9-11-26(e)(2), a party is under a duty to seasonably "supplement his response with respect to any question directly addressed to:

(A) The identity and location of persons having knowledge of discoverable matters; and

(B) The identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

Pursuant to O.C.G.A. § 9-11-26(e)(2), "Seasonable amendment to a prior response is required if a party obtains information upon the basis of which he knows that:

(A) The prior response was incorrect when made; or

(B) The prior response, though correct when made, is no longer true, and the circumstances

4

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-36 of the Georgia Civil Practice Act, Plaintiff hereby requests that Defendant respond 30 days from the date of service of these interrogatories, or 45 days after service of the summons and complaint, whichever is longer, in time and manner required by law to the following request for admissions.

Answers should specifically deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if it fails to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

### PLEASE ADMIT TO THE FOLLOWING:

1. Admit that You placed telephone calls to Plaintiff's Cell Number.

2. Admit that you placed telephone calls to Plaintiff's Cell Number from telephone number 855-875-4065.

3. Admit that during a telephone conversation with You, Plaintiff requested that You cease calling Plaintiff's Cell Number.

4. Admit that You continued to call Plaintiff's Cell Number after Plaintiff had requested that You cease calling Plaintiff's Cell Number.

5. Admit that You placed calls to Plaintiff's Cell Number without prior consent from Plaintiff.

6. Admit that Plaintiff never provided You with consent to place calls to Plaintiff's Cell Number.

7.   Admit that Plaintiff never entered into a business relationship with You at any time.

8.   Admit that You have no evidence that Plaintiff gave prior express consent to You to contact Plaintiff's Cell Number.

9.   Admit that You placed a call to Plaintiff's Cell Number on July 02, 2015 at approximately 12:34 PM EDT.

10.  Admit that You placed a call to Plaintiff's Cell Number on July 02, 2015 at approximately 12:36 PM EDT.

11.  Admit that You placed a call to Plaintiff's Cell Number on July 03, 2015 at approximately 10:38 AM EDT.

12.  Admit that You placed a call to Plaintiff's Cell Number on July 07, 2015 at approximately 01:32 PM EDT.

13.  Admit that You placed a call to Plaintiff's Cell Number on July 09, 2015 at approximately 04:20 PM EDT.

14.  Admit that You placed a call to Plaintiff's Cell Number on July 10, 2015 at approximately 11:39 AM EDT.

15.  Admit that You placed a call to Plaintiff's Cell Number on July 14, 2015 at approximately 09:09 AM EDT.

16.  Admit that You placed a call to Plaintiff's Cell Number on July 15, 2015 at approximately 05:50 PM EDT.

17.  Admit that You placed a call to Plaintiff's Cell Number on July 16, 2015 at approximately 01:17 PM EDT.

18.  Admit that You placed a call to Plaintiff's Cell Number on July 17, 2015 at approximately 06:21 PM EDT.

19.  Admit that You placed a call to Plaintiff's Cell Number on July 18, 2015 at approximately 03:05 PM EDT.

20.  Admit that You placed a call to Plaintiff's Cell Number on July 18, 2015 at approximately 03:05 PM EDT.

6

21. Admit that You placed a call to Plaintiff's Cell Number on July 18, 2015 at approximately 03:05 PM EDT.

22. Admit that You placed a call to Plaintiff's Cell Number on July 20, 2015 at approximately 05:28 PM EDT.

23. Admit that You placed a call to Plaintiff's Cell Number on July 21, 2015 at approximately 08:01 PM EDT.

24. Admit that You placed a call to Plaintiff's Cell Number on July 22, 2015 at approximately 05:27 PM EDT.

25. Admit that You placed a call to Plaintiff's Cell Number on July 23, 2015 at approximately 05:30 PM EDT.

26. Admit that You placed a call to Plaintiff's Cell Number on July 24, 2015 at approximately 02:09 PM EDT.

27. Admit that You placed a call to Plaintiff's Cell Number on July 25, 2015 at approximately 02:43 PM EDT.

28. Admit that You placed a call to Plaintiff's Cell Number on July 27, 2015 at approximately 04:25 PM EDT.

29. Admit that You placed a call to Plaintiff's Cell Number on July 28, 2015 at approximately 05:45 PM EDT.

30. Admit that You placed a call to Plaintiff's Cell Number on August 04, 2015 at approximately 10:52 AM EDT.

31. Admit that You placed a call to Plaintiff's Cell Number on August 07, 2015 at approximately 04:39 PM EDT.

32. Admit that You placed a call to Plaintiff's Cell Number on August 11, 2015 at approximately 11:22 AM EDT.

33. Admit that You placed a call to Plaintiff's Cell Number on September 09, 2015 at approximately 11:33 AM EDT.

34. Admit that You placed a call to Plaintiff's Cell Number on September 19, 2015 at approximately 06:25 PM EDT.

35. Admit that You placed a call to Plaintiff's Cell Number on September 25, 2015 at approximately 04:58 PM EDT.

36. Admit that You placed a call to Plaintiff's Cell Number on September 28, 2015 at approximately 01:33 PM EDT.

37. Admit that You placed a call to Plaintiff's Cell Number on September 30, 2015 at approximately 10:39 AM EDT.

38. Admit that You placed a call to Plaintiff's Cell Number on October 01, 2015 at approximately 08:40 AM EDT.

39. Admit that You placed a call to Plaintiff's Cell Number on October 05, 2015 at approximately 09:30 AM EDT.

40. Admit that You placed a call to Plaintiff's Cell Number on October 06, 2015 at approximately 11:29 AM EDT.

41. Admit that You placed a call to Plaintiff's Cell Number on October 12, 2015 at approximately 03:29 PM EDT.

42. Admit that You placed a call to Plaintiff's Cell Number on November 21, 2015 at approximately 07:36 AM EDT.

43. Admit that You used an automated telephone dialing system when You placed calls to Plaintiff's Cell Number.

44. Admit that You used a system that played recorded messages when You placed calls to Plaintiff's Cell Number.

45. Admit that You used a system that has the capability of storing or producing telephone numbers when You placed calls to Plaintiff's Cell Number.

46. Admit that You used a system that has the capability of randomly or sequentially generating numbers and dialing such numbers when You placed calls to Plaintiff's Cell Number.

8

47. Admit that You did not place calls to Plaintiff's Cell Number for emergency purposes.

48. Admit that You used an artificial or prerecorded voice when You placed calls to Plaintiff's Cell Number.

49. Admit that at all times relevant to the complaint herein, you have used, controlled, and/or operated "automatic telephone dialing systems" (ATDS) as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

50. Admit that You repeatedly called Plaintiff on Plaintiff's Cell Number using an ATDS in an attempt to contact a third party.

51. Admit that Plaintiff requested the calls from You to stop.

52. Admit that You continued to place calls to Plaintiff's Cell Number despite Plaintiff's request that Your calls stop.

53. Admit that You obtained Plaintiff's Cell Number from a third party or external source.

54. Admit that You did not have consent to place calls to Plaintiff's Cell Number.

55. Admit that the phone calls placed by You or a third party hired by You were made with a system or technology that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and dial those numbers.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiff requests that Defendant respond separately, in writing and under oath, to the following interrogatories within 30 days from the date of service of these interrogatories, or 45 days after service of the summons and complaint, whichever is longer, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff.

1. Please list the time (including the time zone) and date of all outgoing calls placed by You to Plaintiff's Cell Number in the last four years, and state for each call

    a. The name, address, and title of each employee who spoke with Plaintiff over the phone and the date each employee spoke to Plaintiff over the phone.

9

b. The name of the person You intended to call

c. The subject matter of the call

d. The reason You placed the call,

2. If any communications with Plaintiff have been recorded, then please provide a transcript of the recording or the original recording along with:

a. the date of the recording

b. the name of the parties to the recording

c. the location where the recording was made, and

d. the custodian of the original recording data.

3. Please list all phone numbers used by You to place any telephone call to Plaintiff's Cell Number in the last four years.

4. Please state how you obtained Plaintiff's Cell Number.

5. Please identify the year, make, and model of any technology or system used by you to dial, store, connect, process, or assist in the connection of telephone calls, including but not limited to, any telephone dialing device, computer system, telephone key set, telephone handset, dialing software, number generators, or predictive dialing equipment (hereinafter collectively "Your Telephone Technology") (if there was more than one model of the technology or system employed by You during this time, please state the dates that You utilized each model); please state whether each such system or technology has the capacity to dial phone numbers stored in its system as to result in outgoing phone calls to a land line or cellular phone. The requested technologies or systems include, but are not limited to, such technology or system employed by you for any of the following purposes:

a. To store phone numbers to be used by you to place phone calls for business, advertising, marketing, or any other purpose (hereinafter "Number-Storing Technology")

b. To dial the aforementioned numbers or otherwise connect said calls (hereinafter "Dialing Technology")

10

    c. To assist or enable You to make each phone call to Plaintiff's Cell Number in the last four years. (hereinafter "Plaintiff-Contacting Technology")

6. Please state whether You, your employees, agents, contractors, or any person acting on your behalf, have ever employed an ATDS to place phone calls to persons within the last four years.

7. Please state whether You, your employees, agents, contractors, or any person acting on your behalf, have ever employed an ATDS to place phone calls to Plaintiff's Cell Number in the last four years. If You contend that you have not used an ATDS, please state why the system employed to make the phone calls to Plaintiff's Cell Number is not an ATDS.

8. Identify each person who, to Your knowledge, information, or belief, has any knowledge or may have any knowledge regarding:

    a. facts or circumstances material to the claims or defenses in the above-styled case; for each such person, please describe the subject matter of the person's knowledge)

    b. the whereabouts of documentary or other tangible evidence pertaining to the allegations set forth in the Complaint; for each such person, please identify the documentary or other tangible evidence for which the person has possession or knowledge.

9. Please identify by name, case number, and jurisdiction, any and all cases where You have been found to have violated the TCPA or where You settled a TCPA violation by way of payment of any United States currency. This question relates to any such actions taken within five (5) years of the date of the filing of the underlying lawsuit.

10. Please list all written correspondence sent by You to Plaintiff or by Plaintiff to you in the last 5 years. For each written communication, please provide the date it was sent and the subject of the written correspondence.

11. State the name, title or position, address and telephone number of each and every person, corporation, partnership, limited liability company, or other entity:

    a. Who is responsible for training your employees, contractors, or agents in the operation of any Number-Storing Technology, Dialing Technology, or Plaintiff-

Contacting Technology or who has had such responsibility within the last four years.

  b. With whom you have contracted to repair, install, or maintain any Telephone Technology within the last four years, or who has any responsibility to repair, install, or maintain said system within the last four years.

12. Identify all emails, voicemails, phone calls, collection records, data records, statements, telephone recordings, oral communications, or any other form of data related to or arising out of any matters or things involved in this case.

13. Identify with particularity each and every exhibit that You will seek to introduce into evidence at the trial in this matter.

14. State each and every contention that You will present at trial in this matter as to why there is no violation of the statutes Plaintiff alleges was violated by You in the Complaint.

15. State whether any data or documents have been lost or destroyed that included any evidence that could or might be used in this case. If evidence was destroyed, please explain in detail when, why, where, and how.

16. State the name, title or position, address and telephone number of each and every witness that You plan to call to testify at trial in this case, including

  a. Each and every fact witness, and the substance of the testimony expected from each such witness; and

  b. Each and every expert witness, as well as the subject matter to which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and the summary of the grounds of each opinion.

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-34, Plaintiff requests that Defendant produce the following documents and other evidence for inspection and/or copying to the Plaintiff's attorneys at the

12

address below, within 30 days from the date of service of these requests, or 45 days after service of the summons and complaint, whichever is longer.

The definitions of the terms "Telephone Technology", "Number-Storing Technology", "Dialing Technology", and "Plaintiff-Contacting Technology" in these Requests for Production are as defined in Plaintiff's First Interrogatories.

1. Please produce any and all documents, including but not limited to recordings, of outbound telephone calls from You to Plaintiff's Cell Number.

2. Please produce any and all documents, including but not limited to recordings, of inbound telephone calls from Plaintiff to You.

3. Please produce the operations manual, user guide, technical manual, or any other documentation for any Telephone Technology identified in response to Plaintiff's Interrogatories.

4. Please produce any documents which identify the full brand names, manufacturers, model numbers, and serial numbers of any and all pieces of Telephone Technology identified in response to Plaintiff's Interrogatories.

5. Please produce all documents that You contend are evidence of authorization, approval, consent, or permission for You to call Plaintiff's Cell Number.

6. Please produce all documents that You reviewed, consulted, or obtained in responding to Plaintiff's discovery to You, including the First Interrogatories, First Request for Admissions, and First Requests for Production of Documents.

7. Please produce any and all documents evidencing or memorializing any correspondence, meetings, conversations, communications, discussions, or conferences with, between, or among You and Plaintiff that relate to the calls at issue in this action.

8. Please produce any and all documents evidencing or memorializing any correspondence, meetings, conversations, communications, discussions, or conferences with, between, or among You and any person other than Plaintiff regarding the calls at issue in this action.

9. Please produce all other documents that evidence, relate to, or in any way support Your Answer and defenses in this lawsuit.

13

10. Please produce all documents concerning the factual basis for all denials in Your Answer.

11. Please produce a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced in response to these Requests.

12. Please produce exemplars of any and all orientation package, new hire materials, employee manual, or any other document given to persons employed by You with regard to Your telephone system and/or making calls to outside persons on Your behalf.

13. Please produce all scripts for any and all prerecorded message/s used by You for calling Plaintiff's Cell Number.

14. Please produce all documents relating to Your use of Telephone Technology, including, but not limited to

    a. Your use of an ATDS,

    b. Your use of a predictive dialer

    c. Your use of an artificial or prerecorded voice

15. Please produce all documents relating to all software (including software applications, software packages, software systems, and software programs) that You used:

    a. to make each telephone call to Plaintiff's Cell Number

    b. to make each telephone call to any phone regarding Plaintiff's account, including calls to third parties

16. Please produce any and all documents showing that You had prior express consent to call Plaintiff with an ATDS and/or artificial or prerecorded voice at any time.

17. Please produce any and all documents describing the means for determining whether an outgoing call by You is to a landline number or a cellular telephone number regarding Plaintiff's account.

18. Please produce any and all technical manuals, network architecture diagrams, booklets, guidelines and memoranda regarding marketing, collection, and/or telecommunications/dialing systems used by You.

14

19. Please produce any and all documents indicating whether the telephone used to call Plaintiff has the capacity to store telephone numbers to be called (regardless if it was used this way).

20. Please produce any and all documents describing your company's structure and its procedures and practices relating to making outgoing phone calls, including, but not limited to:

    a.  Your corporate structure, including any entities, subsidiaries, departments, independent contractors, agents, or other offices engaged in autodialed calls or calls using prerecorded voice messages.

    b.  Your policies and practices for conducting autodialed calls, or calls using an artificial or prerecorded voice.

    c.  the methodology for initiating and invoking the telephone equipment and systems to make outgoing collection calls by You to accounts

    d.  Your call recording and reporting procedures for outgoing collection calls.

    e.  Your methods for reporting on outgoing calls made, the content of those calls, and the call treatment performed when a called party answers the call.

    f.  The methods by which You determine whether an outgoing call by You is to a landline number or a cellular telephone number.

    g.  Your policies and procedures with regard to compliance with the TCPA, regulations promulgated by the Federal Communications Commission under the TCPA, and State statutes, regulations, and ordinances that restrict or prohibit telephone calls made to cell phones.

21. Produce any written or recorded statements obtained from witnesses or any other person related to the allegations in the Complaint.

22. Please produce all journals, memoranda, notes, calendars, correspondence, emails, account statements, and any other documentation upon which You intend to rely to substantiate Your claims and defenses.

23. Please produce any and all correspondence (including text messages, emails or other electronic communication) relating to this action, including but not limited to:

15

a.  Any and all correspondence You have sent Plaintiff.

b.  Any and all correspondence Plaintiff has sent you.

c.  Any and all correspondence you have sent to a third party regarding Plaintiff or Plaintiff's account.

d.  Any and all correspondence you have received from a third party regarding Plaintiff or Plaintiff's account.

24. Please produce any documents or things not otherwise requested herein which You referenced in your responses to Plaintiff's First Interrogatories.

Provided on this day, February 16, 2017.

**BERRY & ASSOCIATES**

*s/Adam J. Klein/*
Adam J. Klein
GA Bar No.: 425032
*aklein@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (770) 766-1230
Fax (678) 383-2598

*Attorneys for Plaintiff*

16

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**MINIKA NICHOLS,**
*Plaintiff*

v.

**CREDENCE RESOURCE
MANAGEMENT, LLC,**
*Defendant*

Civil Action Case No.:
<u>17A63108</u>

### <u>RULE 5.2 CERTIFICATE OF SERVICE</u>

Pursuant to Uniform State and Superior Court Rule 5.2, I hereby certify that I am the Counsel for the Plaintiff in this matter, and that I have served Plaintiff's First Requests for Admission, Interrogatories, and Requests for Production of Documents upon Defendant by U.S. Mail, Certified, Return Service Requested, alongside the summons and complaint and a request for waiver of service pursuant to O.C.G.A. § 9-11-4(d).

Respectfully submitted on this day, February 16, 2017.

**BERRY & ASSOCIATES**

*s/Adam J. Klein/*
Adam J. Klein
GA Bar No.: 425032
*aklein@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (770) 766-1230
Fax (678) 383-2598

*Attorneys for Plaintiff*



**BERRY**
**& ASSOCIATES**

2751 Buford Highway NE
Suite 600
Atlanta, Georgia 30324

**CERTIFIED MAIL**



9171 9690 0935 0154 2795 57

Hasler
02/16/2017
US POSTAGE

FIRST CLASS MAIL

**$06.83⁹**



ZIP 30324
011D11647946

**RETURN RECEIPT REQUESTED**

Credence Resource Management
c/o Corporation Service Company
40 Technology Parkway South, Suite 300
Norcross, GA 30092-2924